## W. H. BAILEY v. HEIRS OF P. J. WILLIS.

(Case No. 851.)

1. DEED.— A deed was made to the heirs of A. B. and his wife, A. B,
    and wife then being alive. The consideration was paid by A. B.
    and wife, who sold it and executed a deed therefor to another.
    After their death their heirs conveyed the land to a third party,
    with a reservation that if A. B. had sold it in his life-time, then the
    deed of the heirs was without warranty.    In a suit between parties
    claiming under the.two conveyances, *held,*
    (1) The equitable title passed by the deed from A. B.
    (2) No interest in the land descended to the heirs of A. B., and
    none passed by their deed.

ERROR from Montgomery.    Tried below before the
Hon. James Masterson.

·Suit in trespass to try title, brought by P. J. Willis
against W. H. Bailey, for a tract of land in Montgomery
county.    The petition was filed February 27, 1873.    Pend-
ing the suit P. J. Willis died, and his heirs were made
parties plaintiff.    Both parties traced their titles to one
James McCown, and it was admitted that his title was
good.    On the 31st day of January, 1849, McCown, by
his attorney in fact Alexander McCown, conveyed the
land in dispute to the heirs of William H. Berkley and
Mary Jane Berkley, by deed with general warranty, ac-
knowledging the payment of the consideration ($150) by
the heirs of William H. and Mary. Jane Berkley.    Will-
iam H. and Mary Jane Berkley were husband and wife,
were at.that time living in the town of Montgomery, and
engaged in teaching.    They paid McCown for the land as
follows: $50 in gold, which belonged to the wife, and the
balance in a draft on the trustees of the school, for
money which they had made by teaching.    They had
five children at the date of the deed,— Nelson, Nannie R.,
William W., Mary A. and Lucy A., and several born
afterwards, to wit, Edmonia C., John C., George H. and

Maria. Nelson, the oldest son, was killed in the late war, and left no mother, wife or child.

September 10, 1872, Berkley and wife (who were then living in Virginia), together with all their children, joined in a conveyance of this land to P. J. Willis. This deed was recorded in Montgomery on the 3d day of October following.

Defendant claimed through a deed executed by the heirs of James McCown (by attorney in fact) on October 14, 1872. The consideration of this conveyance was fifteen dollars paid by the grantee, and, after warranting the title against all persons claiming under the grantors, proceeds as follows: "And it is here understood, that if our father has in his life-time in person, or by his agent A. McCown, sold and conveyed said land to any person or persons whomsoever, that we, nor either of us, do not warrant the title to said land against any such sale or conveyance." It is admitted that the defendant had actual notice of plaintiffs' claim when he bought.

The judge's charge was in substance as follows, to wit: "I instruct you that, in law, the deed from James McCown, by attorney, to the heirs of William H. and Mary Jane Berkley, standing alone, passed no title, inasmuch as the undisputed evidence in the case shows that at that time (31st January, 1849) both named grantees were alive,— therefore had no heirs; but you may look to the deed for description of the land so attempted to be conveyed, and if the proof satisfy you that said Wm. H. and Mary Berkley did in fact purchase from James McCown, through his authorized agent, and paid for said land, then such payment of the price would pass an equitable title to Wm. H. and Mary Berkley; and if the naked title remained in James McCown, it so remained in him as a trustee without interest for the benefit of the said purchasers. And if the proof further satisfy you that Wm. and Mary Berkley afterwards, for a valuable con-

sideration paid them by P. J. Willis, . . sold and conveyed the same land sued for, and if defendant, before he purchased the same, October 14, 1872, had notice that said James McCown . . had sold the same to Wm. and Mary Berkley, then defendant only took such title and right as James McCown had at that date; in other words, defendant would, under such circumstances, only stand in the shoes of the naked trustee. And if you so find the fact as to payment by Wm. and Mary Berkley, and notice by defendant of such fact, then find for plaintiff. If, however, the proof does not show payment by Berkley and wife, and notice by defendant of such facts as ought to have put him as a prudent man on inquiry, then find for defendant."

Defendant asked a charge to the effect that if the jury believed, from the evidence, that Wm. H. and Mary Berkley were living at the date of the deed from James McCown to the heirs of Wm. H. and Mary Berkley, then the deed made by James McCown was and is void, as no one is heir to the living, and they will find for the defendant.

This charge was refused. Verdict and judgment for plaintiffs, and motion for new trial overruled. When the deed from James McCown to the heirs of Wm. H. and Mary Berkley was offered in evidence, defendant objected to it because, being made to the heirs of a living person, it was void. The objection was overruled and defendant excepted.

*John R. Peel*, for plaintiff in error.

*N. H. & J. R. Davis*, for defendant in error.

DELANY, J. COM. APP.— The only question in this case may be stated thus: Did the title of the land in controversy pass out of James McCown by his conveyance to the heirs of Wm. H. and Mary Jane Berkley? Plaintiff in

error insists that the deed is void because it was made to the heirs of persons still living, and there can be no heir to a living person; that the title remained in James Mc-Cown, descended to his heirs, and passed by the conveyance of October 14, 1872. The case is certainly an unusual one. Not only was the deed made to the heirs, but it recites a consideration paid by them, while the proof shows that the contract was made by the parents, and that they paid the purchase money.

What motive they may have had in taking a conveyance to their heirs we have no means of ascertaining, and any attempt to account for it would be based upon conjecture alone. Our opinion is, that by the conveyance of January 31, 1849, the equitable title at least passed from James McCown, that no beneficial interest descended to his heirs, and that nothing passed to the plaintiff in error by the deed of October 14, 1872. Our conclusion is that the judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered February 6, 1882.]